In the Matter of HASSARD SHORT, Judgment-Creditor-Respondent, against B. R. T. CORPORATION, Judgment Debtor. TREBUHS REALTY CO., INC., Third-Party Appellant.

*Per Curiam.* The third party appeals from an order adjudging it in contempt of court for disbursing moneys in violation of the injunctive provision of a third-party order in supplementary proceedings. The judgment debtor was the producer of a theatrical attraction staged in a theatre owned by the third party. Pursuant to an agreement between them, the third party collected the box-office receipts and defrayed the expenses of the production, including rent for the theatre. While any balance was to be paid over to the judgment debtor, there appears not to have been any such balance for some time prior to the entry of the order in question. In other words, the show was not successful at the time and was being carried by the third party in hopes that it would pick up.

The alleged contempt is a continuance of the financial arrangement referred to after the service of the third-party order. The court at Special Term, upon the observation that the box-office receipts were still the money of the judgment debtor, despite the fact that the debtor was not earning or receiving any of it, held that the payments made to defray the expenses of the show were a violation of the order. The court also observed that it was doubtless true that unless the cast was paid the show would stop, but that this consideration was hardly a matter for argument, and that the third party decided to prefer other creditors of the judgment debtor over the judgment creditor.

There are two questions in the case, which in our opinion require more consideration than is possible by summary disposition. One is whether a certain agreement between the parties, by which the judgment creditor was for a while paid the sum of $100 a week, was in satisfaction of the judgment.

The other is whether under the circumstances the third party's conduct was contumacious and caused the judgment creditor any damage. One of the essentials to the recovery which the judgment creditor has made, by way of the fine imposed on the contempt order, is a showing of damage. While damage may be shown, it is not sufficiently demonstrated on the record before us.

The order appealed from should be, therefore, modified to remit the matter to an official referee for report to Special Term on the terms and effect of the arrangement between the parties for paying the judgment creditor $100 a week and on the questions of contempt and damages.

Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.

Order unanimously modified so as to remit the matter to an official referee for report to Special Term on the terms and effect of the arrangement between the parties for paying the judgment creditor $100 a week and on the questions of contempt and damages. Settle order on notice.